UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| APPLICATION OF USA PURSUANT TO 18 U.S.C. § 3512 FOR ORDER FOR COMMISSIONER'S APPOINTMENT FOR THEFT OF COMPUTER DATA INVESTIGATION | ML No: 24-1630 |

*Reference:*   DOJ Ref. # CRM-182-91813

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney Dennis E. Robinson, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently designated by the Office of International Affairs), as a commissioner to collect evidence and to take such other action as is necessary to execute this and any subsequent, supplemental requests for assistance with the above-captioned criminal matter from the Swiss Conference (Switzerland). In support of this application, the United States asserts:

RELEVANT FACTS

1.  The Central Authority of Switzerland, the Division of Police of the Federal Department of Justice and Police, submitted a request for assistance (the Request) to the United States, pursuant to the Treaty Between the United States of America and the Swiss Confederation on Mutual Assistance in Criminal Matters, U.S.-Switz., May 25, 1973, 27 U.S.T. (2019) (the Treaty).

2. Authorities in Switzerland are investigating an unknown suspect for unauthorized obtaining of data, unauthorized access to a data processing system, damage to data, and extortion offenses, which occurred on October 20, 2023, in violation of the criminal law of Switzerland, specifically, Articles 143, 143 bis, 144 bis, and 156 of the Swiss Criminal Code. The United States, through the Office of International Affairs, received a request from Switzerland to provide the requested records to assist in the criminal investigation and/or prosecution. Under the Treaty, the United States is obligated to render assistance in response to the request.

3. According to authorities in Switzerland, on October 20, 2023, at 22:30 CEST, unknown individuals ("the Suspects") committed a cyber-attack on a Swiss company("the Victim Company"). The Victim Company became aware of the attack on October 21, 2023 when employees discovered they had no access to the Company's servers.

4. Investigators are unclear how the Suspects were initially able to access the Victim Company's servers. However, after the Suspects accessed the servers, they extracted approximately 238 gigabytes of data, including human resources documents, financial documents, and identifying documents of employees. After the Suspects extracted the data, the Suspects launched malware that encrypted the Victim Company's servers.

5. The investigators found a note from the Suspects directing the Victim Company on how to reach them in order to obtain their data. The Suspects eventually published a large amount of the Victim Company's data.

6. Investigators learned that the Suspects used an Internet Protocol ("IP") address during the cyberattack. This IP address is hosted by Global-Data System IT LLC (Global-DATA). Swiss authorities obtained records from Global-DATA that identified the end customer of the server. Global-DATA also told Swiss authorities about other servers, also hosted by

Global-DATA, utilized by that same customer. Swiss authorities physically seized the servers located in Switzerland. One IP address identified by Global-DATA could not be seized.

7.  Swiss authorities still have not identified the Suspects. Because the IP address is utilized by the same person who used the server in the cyberattack, Swiss authorities believe that the IP address may have records that further their investigation.

8.  On January 16, 2024, Trial Attorney Rachel Bohlen, Department of Justice, Office of International Affairs, applied for an order from this Honorable Court for an order pursuant to 18 U.S.C. § 2703(d) to retrieve the records related to IP address 185.196.9.128 held by Global-DATA. On February 18, 2024, this Honorable Court, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), ordered that Global-DATA shall, within ten days of receipt of this Order, disclose to the United States the records and other information described in Attachment A to this Order.[1]

9.  On February 23, 2024, the Office of International Affairs served the order electronically to the last known e-mail address for Global-DATA. Our office received a bounce-back message indicating that the e-mail address no longer existed. Further, our office could not find a website for Global-DATA.

10. Our office served the Order on the last known physical address for Global-DATA via FedEx on April 26, 2024.  This address was actually for Harvard Business Services (HBS), who identified themselves as Global-Data's registered agent. HBS confirmed that HBS received the order and had forwarded the order to Global-DATA. HBS also confirmed that HBS had not received a response from Global-DATA. When our office asked HBS to provide the contact

---

[1] *See* Order, *In Re Application of USA Pursuant to 18 U.S.C. 3512 for 2703(d) Order for One Internet Protocol Address Serviced by Global-Data System IT LLC*, No. 24-ml-146 (D.D.C. Feb. 1, 2024) (filed under seal)

information for Global-DATA representatives, HBS informed our office that HBS would not provide the contact information for Global-DATA without a subpoena.

11. To date, Global-DATA has not complied with the Court's February 1, 2024 Order and produced the requested records.

12. To further the investigation and ensure our office acquires the data per the Court's order, we now see to send a subpoena to HBS to compel the company provide contact information for Global-DATA.

## LEGAL BACKGROUND

13. A treaty[2] constitutes the law of the land. U.S. Const. art. VI, cl. 2. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001). The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it." United States v. Stuart, 489 U.S. 353 (386) (1989) (internal quotations marks omitted). To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute. Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

14. The Treaty between the United States and Switzerland obligates each party, upon request, to provide assistance to the other in criminal investigations, prosecutions, and related proceedings, including assistance in serving documents, obtaining testimony, statements, and records, and executing searches and seizures. Article 1. In addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use compulsory measures to further the execution of such requests. Article 19(3) ("the courts . . . shall have . . . authority to issue such orders . . . as are

---

[2] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and protocols.

necessary to execute the request.").

15. When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512. This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.
>
> \*         \*         \*
>
> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.
>
> \*         \*         \*
>
> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

16. Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[3] This section provides clear authority for the federal courts, upon application duly

---

[3] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign

authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

17.   An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[4] has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[5]  Upon such a duly authorized application, Section 3512 authorizes a federal judge[6] to issue "such orders as may be necessary to execute [the] request," including:  (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things.  See 18 U.S.C. § 3512(a)(1)--(b)(1).  In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence.  18 U.S.C. § 3512(a)(1).

---

authorities.  See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782).  When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations.  See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[4] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[5] "Section 3512 can be invoked only when authorized by OIA. . . .  Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA."  Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[6] The term "federal judge" includes a magistrate judge.  See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

18.     Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents. The appointed person has authority to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things. 18 U.S.C. § 3512(b)(2). In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena." Any such subpoena may be served or executed anywhere in the United States. 18 U.S.C. § 3512(f).

REQUEST FOR ORDER

19.     The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself. Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512. In addition, the Request was submitted by an appropriate "foreign authority," the Federal Department of Justice and Police in Bern, the designated Central Authority in Switzerland, and seeks assistance in the investigation of theft of computer data in Switzerland– a criminal offense in Switzerland. The requested Order is necessary to execute the Request, and the assistance requested, i.e., the production of business records, falls squarely within that contemplated by Section 3512 and the Treaty. Finally, this application was properly filed in the District of Columbia.

20.     This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters.

21. When executing a foreign request for assistance in a criminal matter, both Section 3512 and the Treaty authorize the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions. Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a foreign request pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients. Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person(s) or entity(ies) other than the recipient(s) of any given commissioner subpoena.

22. Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Dennis E. Robinson, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to collect the evidence necessary to execute any pending request for

assistance and any subsequent, supplemental requests in connection with the same matter, to do so in a manner consistent with the intended use of the evidence.

                Respectfully submitted,

                VAUGHN A. ARY
                DIRECTOR
                OFFICE OF INTERNATIONAL AFFAIRS
                OK Bar Number 12199

By: _____
                Dennis E. Robinson
                Trial Attorney
                MD Bar Number 1406170247
                Office of International Affairs
                Criminal Division, Department of Justice
                1301 New York Avenue, N.W.
                Washington, D.C. 20530
                (202) 262-7597
                Dennis.Robinson@usdoj.gov